**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAVIER ANTHONY-EL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 26-cv-246-SMY |
| | ) |
| TWENTIETH JUDICIAL COURT OF | ) |
| ST. CLAIR COUNTY and | ) |
| CATHLEEN MACELROY, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Petitioner Javier Anthony-El filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). He alleges attorney Cathleen Macelroy and the Circuit Court of the 20th Judicial Circuit violated his fourth, fifth, and sixth Amendment rights during an underlying state court prosecution. He requests that his guilty plea be withdrawn or a new trial ordered.

This matter is now before the Court for preliminary review of the Petition. Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Here, Anthony-El's claims are grounded in his claimed status as a "sovereign citizen" which is not constitutionally recognized. Sovereign citizen claims are summarily rejected because it has been clearly established that the laws of the United States apply to all persons within its borders, including the Petitioner. *United States v Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)

("Regardless of an individual's claimed status of descent, be it as a " 'sovereign citizen,' " ... that person is not beyond the jurisdiction of the courts."). Thus, Anthony-El's claims are unsupported under law and are clearly legally frivolous.

Accordingly, Anthony-El's Petition and this action are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment.

<u>**Certificate of Appealability**</u>

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2254 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Anthony-El must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Anthony-El has not made a substantial showing of the denial of a constitutional right. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED: April 6, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**